388.27656

UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHELLE H. OZURUIGBO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 23-cv-4218 |
| | ) | |
| THE CITY OF EVANSTON, KELLY | ) | |
| GANDURSKI and NICHOLAS | ) | |
| CUMMINGS, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

Defendants Kelly Gandurski ("Gandurski"), Nicholas Cummings ("Cummings") and the City of Evanston ("COE") respectfully move this Honorable Court to dismiss Plaintiff's Complaint against them pursuant to Rule 12(b)(6). In support of their motion, Defendants state the following:

## INTRODUCTION

On April 18, 2023, Plaintiff filed a complaint against Defendants in the Circuit Court of Cook County, Illinois, County Department, Law Division, as case number 2023L003914. Defendants subsequently removed the case to this Court [Dkt. 1]. Plaintiff asserts claims arising out of Title VII of the Civil Rights Act, including illegal gender discrimination (hostile work environment), race discrimination (hostile work environment), and unlawful retaliation [Dkt. 1-1]. Plaintiff alleges that while employed as the Deputy City Attorney for the City of Evanston from July 9, 2021 until August 12, 2022, defendants Kelly Gandurski (Deputy City Manager), Nicholas Cummings (Corporation Counsel) and the City of Evanston allegedly committed acts that created a hostile work environment in violation of Section 2000e-2 [Section 703] of the Civil Rights Act

by discriminating against her based on her gender and race [Dkt. 1-1, pp. 13-16]. Plaintiff also alleges Defendants unlawfully retaliated against her for reporting illegal discrimination [Dkt. #1-1, pp. 16-17].

Counts I, II, and III of Plaintiff's Complaint against Defendants Gandurski and Cummings should be dismissed pursuant to Rule 12(b)(6) because they are not employers and there is no viable claim against them under Title VII.  *Williams v. Banning,* 72 F. 3d 552, 555 (7th Cir. 1995); *Hilliard v. Denny's Inc.,* 2002 WL 338853 (S.D. Ill. 2002)(granting supervisor's motion to dismiss sexual discrimination claim because there is no individual liability under Title VII).

Counts I, II, and III against the City, alleging a hostile work environment based on gender discrimination (Count I), racial discrimination (Count II) and retaliation (Count III) also fail to state a claim. In addition, Plaintiff's punitive damages claim against the City should be dismissed pursuant to Rule 12(b)(6) because under Title VII, a plaintiff may only recover punitive damages against a respondent other than a government, government agency or political subdivision. 42 U.S.C. §1981a(b)(1). A municipality cannot be responsible for punitive damages. *Passanti v. Cook County,* 689 F. 3d 655 (7th Cir. 2012). For the reasons set forth below, Defendants are entitled to dismissal of Plaintiffs' Complaint in its entirety as a matter of law.

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), "to survive a motion to dismiss, a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face." *Ill. Bible Coll. Ass'n v. Anderson,* 870 F.3d 631, 636 (7th Cir. 2017). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)(citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 (2007). "While a plaintiff need

not plead 'detailed factual allegations' to survive a motion to dismiss, she still must provide more than mere 'labels and conclusions or a formulaic recitation of the elements of a cause of action' for her complaint to be considered adequate…" *Bell v. City of Chi.,* 835 F. 3d 736, 738 (7th Cir. 2016)(quoting *Iqbal,* 556 U.S. at 678). The Seventh Circuit has read the *Twombly* decision as imposing "two easy-to-clear hurdles." First, the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests. Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above a speculative level; if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concerta Health Servs., Inc.,* 496 F.3d 773, 776 (7th Cir. 2007)(internal citations omitted).

## ARGUMENT

I.      **Counts I, II, and III alleging a hostile work environment and retaliation in violation of Title VII of the Civil Rights Act should be dismissed as a matter of law against Gandurski and Cummings because there is no individual liability under Title VII.**

Counts I, II and III against Defendants Gandurski and Cummings allege discrimination and retaliation in her employment in violation of Title VII [Dkt. 1-1]. These Counts must be dismissed as to the individual Defendants Gandurski and Cummings pursuant to Rule 12(b)(6) because Title VII does not permit individual liability. *Johnson v. Lew,* 202 F. Supp. 3d 805 (N.D. Ill. 2016). Any claims against these Defendants in their official capacities would still be dismissed because they are redundant of claims against the City of Evanston. *Kentucky v. Graham,* 473 U.S. 159, 165-67 (1985)(official capacity suit is suit against government entity).

Count I of Plaintiff's Complaint alleges all Defendants violated Title VII by discriminating against Plaintiff based on her female gender during her employment at COE [Dkt. 1-1, pp. 13-15]. Specifically, Plaintiff alleges she was wrongfully placed on a performance improvement plan,

treated with disdain because of her race gender or ethnic hairstyle, required to host a baby shower because of her female gender, penalized for settling cases as a woman, and delegating tasks to law clerks, while other attorneys were allowed to do so [Dkt. 1-1, para. 46].

Under Title VII, employer is defined as follows: "The term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person," 42 U.S.C. §2000e(b). The Seventh Circuit has continued to hold supervisors do not fall within the definition of employer under Title VII. *Robinson v. Sappington,* 351 F. 3d 317, 332 n.9 (7th Cir. 2003). Since supervisors are not considered employers under Title VII, they cannot be held liable under the statute.

The Seventh Circuit has made clear that individuals cannot be liable under Title VII. *Williams v. Banning,* 72 F. 3d 552, 555 (7th Cir. 1995). In *Williams,* Plaintiff filed suit alleging sexual harassment against her supervisor, Bruce Banning. Banning filed a motion to dismiss, arguing Title VII did not apply to him. The district court agreed, ruling that Banning could not be held liable under Title VII as an individual, because he did not independently meet Title VII's definition of "employer". *Id.* at 553. The Seventh Circuit affirmed. The *Williams* court cited to its previous holding in *EEOC v. AIC Security Investigations, Ltd.,* 55 F. 3d 1276, 1279-82 (7th Cir. 1995). In *AIC Security,* the Seventh Circuit acknowledged that Title VII's definition of "employer" includes "agents" but that definition "is simply an expression of traditional *respondeat superior* liability and imposes no individual liability on agents." *Id.* at 1279-82. The Court also reasoned that "the 1991 amendments to the Civil Rights Act imposed limits on damages according to the size of the employing entity…this statutory approach demonstrates that Congress did not intend to impose individual liability against an employer's agents." *Id.* at 1281; *See also Sattar v. Motorola,*

138 F. 3d 1164, 1168 (7ᵗʰ Cir. 1998)("It is by now well established in this court that a 'supervisor does not, in his individual capacity, fall within Title VII's definition of employer'"), *quoting Williams,* 72 F.3d at 555.

In *Hilliard v. Denny's Inc.,* 2002 WL 338853 (S.D. Ill. 2002) the district court granted a supervisor's motion to dismiss an employee's sexual discrimination claim because there is no individual liability under Title VII. *Id.* The plaintiff conceded that the supervisor could not be held individually liable under Title VII, but argued that the supervisor could be liable in his "official capacity" as the general manager of Denny's. *Id.* at *3. The Court rejected this argument, concluding that any action against the defendant in his official capacity as general manager was identical to the action against Denny's. The proper defendant for Plaintiff's *respondeat superior* or "official capacity" theory was Denny's, not the supervisor, citing *Bryson v. Chicago State University,* 96 F. 3d 912, 917 (7ᵗʰ Cir. 1996)(a Title VII sexual harassment case where the Seventh Circuit concluded that it was inappropriate to continue an official capacity suit against an individual defendant after he had been dismissed in his individual capacity). *Id. See Thanongshing v. Board of Educ.,* 462 F. 3d 762, 771 (7ᵗʰ Cir. 2006)(dismissing the Title VII claims against the supervisor in his official capacity as they are synonymous with claims against the entity).

Because Defendants Gandurski and Cummings cannot be liable under Title VII, Count I should be dismissed pursuant to Rule 12(b)(6).

Count II fails to state a claim against Gandurski and Cummings for the same reason Count I fails to state a claim against them—there is no individual liability under Title VII. In Count II, Plaintiff alleges Defendants violated Title VII by treating Plaintiff in a hostile, racist and unprofessional manner because she is a Black woman and wore her hair in braids [Dkt. 1-1, para. 50]. Plaintiff alleges Defendants used racial slurs around her, refused to allow her to delegate

assignments to law clerks and created a hostile work environment [Dkt. 1-1, para. 50]. Therefore, because there is no individual liability under Title VII, Count II should be dismissed as to Gandurski and Cummings because it fails to state a claim pursuant to Rule 12(b)(6).

Count III fails to state a claim against Gandurski and Cummings for the same reason Counts I and II fail to state a claim against them—there is no individual liability under Title VII. In Count III, Plaintiff alleges Defendants violated Title VII by retaliating against her for reporting the alleged unlawful discrimination [Dkt. 1-1, p.16]. Plaintiff alleges she was placed on a performance improvement plan, stripped of her supervisory authority, and threatened with demotion or termination due to reporting alleged racial and gender-based discrimination. *Id.* The caselaw supporting dismissal of Counts I and II applies equally to the allegations of violations of Title VII in Count III. Therefore, Count III should be dismissed as to Gandurski and Cummings because it fails to state a claim pursuant to Rule 12(b)(6).

II. **Count I alleging a hostile work environment due to gender discrimination against the City of Evanston should be dismissed because it fails to allege severe and pervasive conduct altered the conditions of her employment and she did not suffer an adverse employment action.**

Count I alleging a hostile work environment based on alleged gender discrimination should be dismissed as to the City Of Evanston because the conduct alleged was not sufficiently severe or pervasive to create a hostile work environment. To state a claim for a hostile work environment under Title VII, a plaintiff must prove that (1) the employee was subject to unwelcome harassment; (2) the harassment was based on a reason forbidden by Title VII; (3) the harassment was so severe or pervasive that it altered the conditions of employment and created a hostile or abusive working environment and (4) there is a basis for employer liability. *Smith v. Ill. Dept. of Transp.,* 936 F. 3d 554, 560 (7th Cir. 2019). Plaintiff's allegations do not meet this demanding standard.

To rise to the level of an actionable hostile work environment, the complained-of conduct must have been sufficiently severe or pervasive to have altered the conditions of her employment such that it created an abusive working environment. *EEOC v. Management Hosp. of Racine, Inc.,* 666 F. 3d 422, 432 (7th Cir. 2012). Factors in this assessment include the severity of the allegedly discriminatory conduct, its frequency, whether it was physically threatening or humiliating or merely offensive, and whether it unreasonably interfered with the employee's work performance. *See Gentry v. Export Packaging Co.,* 238 F. 3d 842, 850 (7th Cir. 2001). Offhand comments, isolated incidents, and simple teasing do not rise to the level of conduct that alters the terms and conditions of employment. *See Adusumilli v. City of Chicago,* 164 F. 3d 353, 361 (7th Cir. 1998). This assessment must be made from both subjective and objective viewpoints. *Gentry* at 850, quoting *Faragher v. City of Boca Raton,* 524 U.S. 775, 788 (1998)(to be actionable, plaintiff's work environment must be "one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so"). "Employers generally do not face liability for off-color comments, isolated incidents, teasing, and other unpleasantries that are, unfortunately, not uncommon in the workplace." *Swyear v. Fare Foods Corp.,* 911 F. 3d 874, 881 (7th Cir. 2018).

In determining whether a plaintiff has met this standard, courts must consider all the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it was physically threatening or humiliating; or a mere offensive utterance; and whether it reasonably interferes with an employee's work performance." *Harris v. Forklift Systems, Inc.,* 510 U.S. 17, 23 (1993).

### *Plaintiff's allegations fail to state a claim for a hostile work environment because she does not allege conduct that is sufficiently egregious, severe, or pervasive*

In Count I, Plaintiff alleges only a few isolated instances of purported gender discrimination over the course of a year of her employment that fail to state a plausible hostile

work environment claim. Plaintiff alleges she was criticized for taking additional breaks, required to host a baby shower and criticized for acting insufficiently feminine [Dkt. 1-1, para. 46]. Plaintiff alleges Gandurski told her on September 23, 2021 that she could not recognize Plaintiff with her new hairstyle [Dkt. 1-1, para. 16]. Plaintiff alleges that on January 11, 2022, Gandurski told Cummings that Plaintiff "could not own a room" [Dkt. 1-1, paras. 21, 46]. Plaintiff alleges that on February 1, 2022, she was accused of "intimidating" an inspector during settlement negotiations [Dkt. 1-1, para. 24]. Even accepting these allegations in the Complaint as true, the alleged conduct is not hostile or abusive, and is not sufficiently egregious or severe to state a claim under Title VII.

Plaintiff's claim also fails because she does not allege pervasive conduct. Plaintiff alleges that Gandurski made comments related to her gender in October 2021, January 2022, and February 2022 [Dkt. 1-1, paras. 16, 21, 24]. Plaintiff continued working long after these interactions, until August 2022, and she has not alleged that she was unable to perform her work duties as a result of these isolated incidents [Dkt. 1-1, para.3]. Furthermore, the Seventh Circuit has held that work place environments much worse than Plaintiff's were not actionable. *See, e.g., Moser v. Ind. Dep't of Corrections,* 406 F. 3d 895, 903 (7th Cir. 2005)(plaintiff's allegations that another employee engaged in a "daily non-ceasing quest to denigrate" female employees, which included incidents in which he "spoke down to her and other female employees," "made a reference to her 'tits,;'" made various juvenile remarks or jokes about penises, and "told several new male employees to watch out because Ms. Moser likes good-looking men," did not rise to the level of creating an objectively hostile work environment); *Ross v. UChicago Argonne, LLC,* 2019 WL 3562700 at *7 (N.D. Ill. Aug. 5, 2019)("At the pleading stage…[the plaintiff] has not pled conduct severe or pervasive enough to constitute an actionable hostile work environment as a matter of law or to entitle him to discovery."); *Harris v. Chicago Transit Auth.,* 2015 WL 5307721 at*6 (N.D. Ill. Sept.

10, 2015)(dismissing claim where plaintiff had alleged only two instances of offensive gender-based comments that were separated by a year).

Because Plaintiff fails to allege conduct severe or pervasive enough to constitute an actionable hostile work environment as a matter of law, Count I should be dismissed as to the City of Evanston.

**III.    Count II should be dismissed because the alleged conduct is not sufficient severe or pervasive to state a claim of hostile work environment based on race.**

Count II alleging a hostile work environment based on racial discrimination should also be dismissed because it fails to allege conduct that was sufficiently severe or pervasive to alter the conditions of her employment. In determining whether a defendant's alleged conduct is sufficiently severe or pervasive to state a claim of a hostile work environment, courts consider factors such as the nature (*e.g.* physical or verbal) and frequency of the conduct, whether it unreasonably interferes with an employee's work performance, and whether it was directed at the employee. *Nichols v. Michigan City Plant Planning Dep't.,* 755 F. 3d 594, 601 (7th Cir. 2014). In this case, Plaintiff's Complaint does not plausibly allege that the Defendant's employee's conduct was severe or pervasive because their comments were not offensive enough, some were not even about Plaintiff, and Plaintiff does not allege that the comments unreasonably interfered with her work performance.

Establishing a *prima facie* discrimination case requires sufficient evidence of a materially adverse employment action. *Boss v. Castro,* 816 F. 3d 910 (7th Cir. 2016). In a discrimination case, a materially adverse employment action is one which causes a significant change in employment status. Such changes can involve the employee's current wealth, his career prospects or changes to work conditions that include humiliating, degrading, unsafe, unhealthy or otherwise significant negative alteration in the workplace. *Lewis v. City of Chicago,* 496 F. 3d 645, 653 (7th Cir. 2007).

Title VII protects against a hostile work environment "so permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment." *Hall v. City of Chicago,* 713 F. 3d 325, 330 (7th Cir. 2013).

Here, none of the incidents alleged in the Complaint come close to intimidation, ridicule or insult severe or pervasive enough to alter the conditions of Plaintiff's employment. Plaintiff alleges that Cummings created a hostile work environment through his alleged racial discrimination toward her. Plaintiff alleges the racial harassment began in July 2021 [Dkt. 1-1, para. 8]. Plaintiff alleges Cummings, who is also African-American, used racial slurs in Plaintiff's presence on July 9, 2021, and July 30, 2021 [Dkt. 1-1, para. 12]. In the first instance, he allegedly referred to Plaintiff as the "HNIC [Head N****r in Charge]" and in the second instance he allegedly used the term, not directed to Plaintiff, but in referencing himself as not being a sales n****r". [Dkt.1-1, paras. 11-12]. Plaintiff also alleges that Cummings sent her a video entitled "What It's Like Being Black At Work" on January 15, 2022, which was not about Plaintiff [Dkt.1-1, para. 23]. As the Complaint alleges, Cummings also used the same racial slur in reference to himself [Dkt. 1-1, paras. 11-12]. Looking at the totality of the circumstances, the alleged harassment is not so severe or pervasive as to alter the conditions of Plaintiff's employment and create an abusive working environment. *Scruggs v. Garst Seed Co.* 587 F. 3d 832, 840 (7th Cir. 2009)(holding that an offensive and odious term used only once is not sufficient severe to create an abusive work environment); *Peters v. Renaissance Hotel Operating Co.,* 307 F. 3d 535, 552 (7th Cir. 2002)(isolated, indirect incidents of racial harassment, such as use of the word ["n***r"] in plaintiff's presence held not severe and pervasive enough to alter conditions of employment). .

Notably, Plaintiff alleges that she continued working another seven months after these two isolated incidents with Cummings [Dkt. 1-1, para.3].  More importantly, she does not allege she

was unable to perform her job duties because of these comments. To the contrary, the Complaint

alleges that after Cummings allegedly made these two racially offensive comments in July 2021,

Plaintiff subsequently received excellent feedback and performance reviews [Dkt. 1-1, para. 13].

In order to state a hostile work environment claim, the alleged conduct must have an adverse effect

or interfere with her job performance. Plaintiff's own admissions refute the plausibility of her

claim that Cummings' alleged comments had a negative effect on her job performance.

In short, Plaintiff fails to allege facts that she was plausibly subjected to severe or pervasive

harassment that interfered with her work performance. This district has dismissed other

discrimination lawsuits for failing to allege sufficient facts to state a plausible claim. *Duminie v.*

*Northeast Illinois Regional Commuter Railroad Corporation,* 2020 WL 1288876 (N.D. Ill. 2020)

at *7. In *Duminie,* the court dismissed a hostile work environment claim where Plaintiff alleged

that coworkers read her email and yelled at her finding those isolated incidents do not come close

to the kind of severity required to state a claim for workplace harassment. *Id., See also, Adam v.*

*Obama for America,* 210 F. Supp. 3d 979, 983-84, 991 (N.D. Ill. 2016)(dismissing complaint

where Plaintiff alleged "mean" and "humiliating" conduct from supervisors and coworkers,

including being socially shunned, touched without consent, screamed at, and shunted into less

favorable opportunities). *Parks v. Speedy Title & Appraisal Review Services,* 318 F. Supp. 3d 1053,

1063-64 (N.D. Ill. 2018)(dismissing discrimination claim when "Plaintiff has not made even a

conclusory allegation that would link her membership in a protected class to her [employer's

alleged adverse actions]"); *See also, Coleman v. Depke,* 2014 WL 6563814 (N.D. Ill.

2014)(concluding that Title VII plaintiff must plead more facts beyond having been terminated for

unspecified "conduct" for which non-minority employees were not punished). *Cf. Valdivia v.*

*Township High School District 214,* 2017 WL 2114965 (N.D. Ill. May 15, 2017) at *3 (collecting

cases where motion to dismiss hostile work claims based on allegations of repeated and ongoing verbal harassment denied).

Here, Plaintiff's Complaint fails to allege facts suggesting that she was plausibly subjected to severe or pervasive harassment. Therefore, Count II should be dismissed as to the City.

**IV.    Count III alleging retaliation against the City should be dismissed because it fails to state a claim upon which relief can be granted.**

A Title VII retaliation claim requires three elements: (1) the plaintiff must show that she engaged in statutorily protected expression; (2) the plaintiff suffered an adverse action by her employer and (3) there is a causal link between her protected expression and the adverse action. *Smith v. Rosebud Farmstand,* 909 F. Supp. 2d 1001 (N.D. Ill. 2012). The Seventh Circuit has stated "not everything that makes an employee unhappy is an actionable adverse action." *Smart v. Ball State Univs.,* 89 F. 3d 437, 441 (7th Cir. 1996). While an adverse employment action does not have to include a loss of monetary benefits, the change must have a drastic effect on the employee's future opportunities. *Herrnreiter v. Chi. Hous. Auth.,* 315 F. 3d 742, 744 (7th Cir. 2002).

Here, Plaintiff's retaliation claim can easily be disposed of because she fails to allege an adverse employment action. Plaintiff alleges she was placed on a performance improvement plan in June 2022; she does not allege she was terminated [Dkt. #1-1, para. 54]. Courts have found that performance improvement plans do not constitute an adverse employment action. The Seventh Circuit has held, "Performance improvement plans, particularly minimally onerous ones, are not, without more, adverse employment actions." *Davis v. Time Warner Cable of Se. Wis., L.P.,* 651 F. 3d 664, 677 (7th Cir. 2011). *Beltran v. Brentwood North Healthcare Center, LLC,* 426 F. Supp. 2d 827 (N.D. Ill 2006)(granting motion to dismiss retaliation claim where no adverse employment action alleged); *Neuffer v. York Corrugated Container Corp.,* 2004 WL 1354442 (N.D. Ill. 2004) at *2 (granting motion to dismiss retaliation claim because no adverse employment action alleged).

Plaintiff also alleges that she was unfairly reprimanded [Dkt. 1-1, para. 21]. But "unfair reprimands…unaccompanied by some tangible job consequence do not constitute adverse employment actions." *Jones v. Res-Care, Inc.,* 613 F. 3d 665, 671 (7th Cir. 2010).

Because Plaintiff fails to allege that the City instituted an adverse employment action against Plaintiff on the basis of her sex, Plaintiff fails to state a retaliation claim and Count III should be dismissed pursuant to Rule 12(b)(6).

**V.      Plaintiff's claims for punitive damages against the City of Evanston fails as a matter of law and should be stricken.**

Plaintiff seeks punitive damages in Counts I, II, and III [Dkt. 1-1]. Plaintiff's claim for punitive damages should also be dismissed because they are not available against a governmental entity like the City. As a matter of law, the City of Evanston cannot be liable for punitive damages. *See* 42 U.S.C. §1981a(b)(1)(providing that a Title VII may recover punitive damages "against a respondent other than a government, government agency or political subdivision"). *See Passananti v. Cook County,* 689 F. 3d 655 (7th Cir. 2012).

In *Baker v. Runyon,* Plaintiff brought suit under Title VII seeking both compensatory and punitive damages for sexual harassment she allegedly suffered while employed by the USPS. The Seventh Circuit reversed the judgment of the district court awarding Plaintiff punitive damages because it was exempt from punitive damages as a government agency. *Baker,* 114 F. 3d 668 (7th Cir. 1997). In *Baker,* the Seventh Circuit noted that punitive damages do not serve their intended deterrent purpose when awarded against governmental entities because they punish only the taxpayers, citing to the Supreme Court's decision in *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 246, 266-67 (1981). For the foregoing reasons, Plaintiff's claim for punitive damages should be stricken/dismissed as a matter of law.

## CONCLUSION

Plaintiff's Complaint against Defendants fails to state a claim upon which relief can be granted. As Gandurski and Cummings were not Plaintiff's employer, they cannot be liable for any claim under Title VII.  Second, Plaintiff's allegations against the City are also insufficient to state a plausible hostile work environment claim and should be dismissed.  Third, Plaintiff's claim for punitive damages also fails as a matter of law.

WHEREFORE, Defendants Kelley Gandurski, Nicholas Cummings and the City of Evanston respectfully request that this Court dismiss Plaintiff's Complaint with prejudice and grant any such other relief as the Court may deem just and proper.

Respectfully submitted,

/s/ William B. Oberts
One of the attorneys for defendants Kelly Gandurski, Nicholas Cummings, and City of Evanston

William B. Oberts, Esq. – ARDC #6244723
Amy M. Kunzer, Esq. – ARDC #6293176
Tribler Orpett & Meyer, P.C.
225 West Washington Street, Suite 2550
Chicago, Illinois   60606
(312) 201-6400
wboberts@tribler.com
amkunzer@tribler.com
docket@tribler.com