## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MICHELLE OZURUIGBO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 23-CV-04218 |
| v. | ) | |
| | ) | |
| THE CITY OF EVANSTON, KELLY | ) | Judge Edmond E. Chang |
| GANDURSKI, and NICHOLAS | ) | |
| CUMMINGS, | ) | Magistrate Judge Jeffrey T. Gilbert |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

Michelle Ozuruigbo ("Plaintiff") sued her former employer and supervisors—the City of Evanston, Kelly Gandurski, and Nicholas Cummings for race and gender discrimination, as well as retaliation, under Title VII of the Civil Rights Act. Complaint [ECF No. 1-1]. The City of Evanston is the sole remaining defendant in this case after Plaintiff's claims against Kelly Gandurski and Nicholas Cummings were dismissed. *See* Memorandum Opinion and Order [ECF No. 96] at 1-6. Plaintiff seeks to compel the continued deposition of Nicholas Cummings ("Cummings") who was Plaintiff's supervisor. *See* Plaintiff's Rule 30 Motion to Overrule Objections, Compel the Deposition of Nicholas Cummings, and for Sanctions under FRCP 30(d)(2) [ECF No. 82] ("Motion"). Plaintiff contends Cummings was improperly instructed not to answer questions during his deposition about a recording Plaintiff made of a conversation between Plaintiff and Cummings. [*Id.*] Plaintiff also seeks an award of sanctions pursuant to Rule 30(d)(2). [*Id.*]

Cummings argues it was appropriate for his counsel to instruct him not to answer questions about the recording because it was made in violation of the Illinois Eavesdropping Statute. *See* Defendant Nicholas Cummings' Response to Plaintiff's Motion to Compel the Deposition of Nicholas Cummings and for Sanctions and Defendant's Motion to bar and/or Limit and Sanctions [ECF No. 89] ("Response"). Although only Cummings responded to the Motion, he and Defendant City of Evanston ("Defendant") have the same counsel in this case. Therefore, the Court construes the arguments in the Response as asserted on behalf of Defendant as well as Cummings in his current capacity as a third-party witness.[1]

For the reasons discussed below, Plaintiff's Motion is granted in part and denied in part.

## BACKGROUND

During his deposition, Plaintiff's counsel questioned Cummings about a conversation he had with Plaintiff about a performance improvement plan issued by Defendant as her employer. *See* Cummings Deposition Transcript [ECF No. 82-1] at 5-11. After answering certain questions, including when and where the conversation took place, whether Cummings knew Plaintiff had her phone during the conversation, and whether Cummings knew Plaintiff had recorded the conversation, the questioning turned to Plaintiff's recording. [*Id.*] Defendant's counsel objected to "the use of the recording" during the deposition because "it was without [Cummings] permission, and we believe in violation of statute"; Cummings refused to answer

---

[1] Cummings's motion to dismiss was granted after this Motion was fully briefed.

questions about the recording based on the advice of counsel. [*Id.*] at 11-15. Plaintiff's counsel stated Plaintiff would file a motion seeking "the judge's ruling on the objection" and the deposition was terminated because Plaintiff's counsel represented almost all the remaining questions would have been based on the recording. [*Id.*] at 15.

## ANALYSIS

### 1. Defendant Improperly Instructed Cummings Not to Answer Questions Regarding the Recording at the Deposition

Rule 30 of the Federal Rules of Civil Procedure governs the manner in which depositions occur. Rule 30(c) provides that "[t]he examination and cross-examination of a deponent proceed as they would at trial ..." and that while objections may be noted, "the examination still proceeds; the testimony is taken subject to any objection." FED. R. CIV. P. 30(c)(1) and (2). Rule 30(c) further states "[a] person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." *Id.*; *see Promier Prods., Inc. v. Orion Cap.*, LLC, No. 21 CV 1094, 2023 WL 8896778, at *4 (N.D. Ill. Aug. 30, 2023), objections overruled, No. 21 CV 1094, 2023 WL 8868781 (N.D. Ill. Dec. 22, 2023) (internal citations omitted) ("[t]he limited circumstances under which an attorney may instruct a witness not to answer a question during a deposition" are those specified by Rule 30(c)(2)). A Rule 30(d)(3) motion can be filed to limit or terminate a deposition if it is conducted in bad faith or if it is conducted in a manner "that unreasonably annoys, embarrasses, or oppresses the deponent or party." FED. R. CIV. P. 30(d)(3)(A).

Plaintiff argues Defendant improperly instructed Cummings not to answer questions about the recording. Plaintiff says even if, as Defendant argues, the recording would be inadmissible at trial, it is improper to object to questions at a deposition (or instruct a witness not to answer questions) on the ground that the inquiry would be inadmissible at trial. Motion [ECF No 82] at 2-4. Plaintiff notes two of the scenarios contemplated by Rule 30(c)(2) were not present: there was no court order to enforce and Defendant did not file a Rule 30(d)(3) motion. [*Id.*] As to whether Defendant's instruction was necessary to preserve a privilege, Plaintiff argues the Illinois Eavesdropping Statute ("IES") does not contain a privilege applicable in discovery because it addresses only the admissibility of recordings made in violation of the Act. [*Id.*] Plaintiff also contends Defendant waived any objection to use of the recording because Defendant delayed raising any objection to the recording for over six months after Plaintiff produced the recording in discovery and because Defendant argued in a different pending discovery motion that the federal common law of privileges, rather than state law, applies in this case. [*Id.*] at 4-6.

As an initial matter, Defendant acknowledges it did not file a Rule 30(d)(3) motion for protective order as required by Seventh Circuit precedent. [*Id.*] at 11 (citing *Redwood v. Dobson*, 476 F.3d 462, 467 (7th Cir. 2007)). Defendant contends, however, there was "no need for Defendant to also file a motion" because "Plaintiff's counsel advised of her intent to bring this matter before the court" and "it is of no consequence" who the movant is under Rule 30(d)(3) as "[t]he matter is before this Court." [*Id.*] Although Defendant provides no authority supporting its position that

4

it was excused from the obligation to bring a Rule 30(d)(3) motion because Plaintiff intended to file a motion, the Court will not elevate form over substance. The issue is now squarely before the Court by virtue of Plaintiff's Motion.

Substantively, Defendant responds that its counsel's instruction to Cummings was proper because the recording was made in violation of the IES which bars the admissibility of any evidence obtained in violation of the Act in any civil or criminal trial and also "prohibits the subsequent use or dissemination of any information obtained through an unauthorized recording." Response [ECF No. 89] at 2-3, 10. Defendant argues the IES, an Illinois state law, applies in this case because it is a substantive rule, not procedural, which Defendant says "this district has already found," citing *Mingo v. Roadway Express*, 135 F. Supp. 2d 884 (N.D. Ill. 2001). Defendant contends *Mingo* "hold[s] Illinois Eavesdropping Statute should apply, even where federal substantive law provides the only rule of decision." [*Id.*] Defendant also provides a cf. citation to *Glinski v. City of Chicago*, 2002 WL 113884, (N.D. Ill. Jan. 29, 2002), without further parenthetical explanation. Defendant does not argue the questioning about the recording is not relevant or that such questioning would not be proportional to the needs of the case.[2]

---

[2] Plaintiff says any evidentiary privilege provided by the IES does not apply here because the federal common law of privilege preempts application of an Illinois state law privilege. Motion [ECF No. 82] at 5. Defendant responds that while federal common law applies to the application of procedural rules of evidence in cases pending in federal court, the IES is a "substantive rule" that is not preempted. Response [ECF No. 89] at 9. The parties are both correct to some extent, but also both fail to address the salient issue. "[T]he general rule" is "that 'federal rather than state law governs the admissibility of evidence in federal diversity cases'" but "[a] exception applies, however, when the state rules are 'substantive rules masquerading as evidence rules'" such that "the state procedural law is 'so bound up with the state-created right or remedy that it defines the scope of that substantive right or remedy.'"

The Court disagrees. As an initial matter, Defendant's cited authority, *Mingo*, decided a different question than the discovery issue presented here; namely, whether evidence obtained in violation of the IES is admissible. In *Anaya v. Birck*, the court addressed a motion to compel premised on the contents of an email allegedly obtained in violation of a computer fraud statute; the opposing party, citing *Mingo*, argued the motion should be denied because "where evidence was obtained in violation of law, it is not admissible." *Anaya*, 2022 WL 1523640, at *5 (N.D. Ill. May 13, 2022). The court rejected this broad position, noting the opposing party did not provide any "authority for the proposition that a document must be admissible to serve as the predicate for a parties' request for the production of other documents during discovery" and noted *Mingo* "provided no support" because *Mingo* addressed admissibility, rather than discoverability. *Id.* at *5 & n.5.[3]

As Plaintiff argues, evidence need not ultimately be admissible at trial to be properly subject to discovery. Motion [ECF No. 82] at 4. *See*, *e.g.*, *City of Chicago v.*

---

*See Zeikos*, 2024 WL 4691069, at *2 (quoting *Lovejoy Electronics, Inc. v. O'Berto*, 873 F.2d 1001, 1005 (7th Cir. 1989) and *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 393 (2010)) (finding "the provision of the IEA, which bars evidence obtained through eavesdropping, is sufficiently substantive and therefore applies to this proceeding" regarding fraud "claims in which state substantive law governs"). While Defendant may be correct that state substantive law can apply in cases where state law provides the rule of decision, those are not the circumstances here, as explained above, where the pending claims arise exclusively under federal law. *Id.* ("in cases 'in which federal law supplies the rule of decision' the eavesdropping statute does not apply") (quoting *N.L.R.B.*, 606 F.2d at 190).

[3] In the Court's view, the circumstances here are a least somewhat analogous to those in *Anaya*, as Plaintiff seeks additional discovery (deposition questioning of Cummings) based on a recording that Defendant contends may be inadmissible. If the recording ultimately is determined to be inadmissible at trial, it is possible that use of the deposition at trial may be limited, but such questions of admissibility are not presently before the Court or within the scope of the Court's referral. *See* [ECF Nos. 20 & 21] ("discovery supervision is referred to the magistrate judge (including the authority to adjust all deadlines)").

*DoorDash, Inc.*, 2023 WL 5431401, at *1 (N.D. Ill. Aug. 23, 2023) ("Rule 26(b)(1) also recognizes that information within the scope of discovery does not need to be admissible at trial"); *Premier Prods., Inc. v. Orion Cap., LLC*, 2023 WL 8896778, at *7 (N.D. Ill. Aug. 30, 2023), *objections overruled*, 2023 WL 8868781 (N.D. Ill. Dec. 22, 2023) ("The short answer is that, '[a]t the discovery stage, 'relevant' evidence under Rule 26(b)(1) is broader than it would be at trial; evidence does not need to be admissible to be discoverable.'") (internal citations omitted).

Nor does Defendant cite any authority barring or limiting discovery of a recording made in violation of IES. Although neither party addresses it, at least one court in this district has granted a motion to compel production of a tape and/or transcript over an objection that the recording was made in violation of the IES. *See Washburn (John E.) v. Brown (Isadore); Carroll (William F.)*, 1986 WL 6946, at *3–4 (N.D. Ill. June 12, 1986) ("under the Supremacy Clause of the Constitution the laws of the United States are the supreme law of the law. The state statute must, under the supremacy clause, give way to the federal rules of civil procedure.").

Defendant's position is also contrary to the weight of authority in this jurisdiction regarding the admissibility of such recordings. "The Seventh Circuit has established that in federal criminal and administrative proceedings in which federal law governs the outcome of the case, the Illinois Eavesdropping law does not apply." *Zeikos Inc. v. Walgreen Co.*, 2024 WL 4691069, at *2 (N.D. Ill. Nov. 6, 2024) (citing *N.L.R.B. v. Loc. 90, Operative Plasterers & Cement Masons' Int'l Ass'n of U.S. & Canada, AFL-CIO*, 606 F.2d 189, 190 (7th Cir. 1979)) (addressing "threshold question

of whether evidence that violates the [IEA] can be used in a federal proceeding"). As the Seventh Circuit held, "[i]t is settled that federal, not state law governs admission of evidence in federal proceedings" and "evidence seized in violation of the Illinois eavesdropping statute is admissible in federal criminal proceedings . . . We see no reason to apply a different rule in federal administrative proceedings in which federal law supplies the rule of decision." *N.L.R.B. v. Loc. 90, Operative Plasterers & Cement Masons' Int'l Ass'n of U.S. & Canada, AFL-CIO*, 606 F.2d at 191–92.

Courts have criticized *Mingo*, the case relied on by Defendant here, for only briefly addressing the issue at hand and as lacking support. For instance, the *Glinski* court (also cited by Defendant) referenced *Mingo* with a "but see" citation and noted the *Mingo* court "cited no supporting case law and did not address the role of the Federal Rules of Evidence." *Glinski*, 2002 WL 113884, at *6; *see also Fenje v. Feld*, 301 F. Supp. 2d 781, 816–17 (N.D. Ill. 2003) (citing *Mingo* with a "but see" citation), *aff'd*, 398 F.3d 620 (7th Cir. 2005) *Johnson v. Around The Clock Sec., Inc.*, 2002 WL 472269, at *1–2 (N.D. Ill. Mar. 28, 2002) ("In *Mingo v. Roadway Express,* 135 F.Supp.2d 884, the Court excluded a recording made in violation of the Act based solely on the above exclusionary rule without briefing from the parties on the issue and without considering the law and arguments addressed below [in the *Johnson* decision]").

Moreover, Defendant cites *Glinski* but ignores the holding of that decision, which is contrary to Defendant's position. In *Glinski*, as in *Zeikos*, the court first addressed the "threshold issue" of whether the IES "can be applied at all in federal

8

court" before going on to consider whether the plaintiff had violated the IES. *Id.*, 2002 WL 113884, at \*4–\*5. *Glinski* noted "[t]he Seventh Circuit has established that the Illinois Eavesdropping Act should not be applied in federal administrative proceedings applying federal law" and concluded "this reasoning should also apply to federal civil cases in which federal law provides the rule of decision." *Id.* Accordingly, *Glinski* held the IES "will not be applied to [plaintiff's] federal claims . . ." *Id.* Other courts have found "[e]ven recorded conversations that violate state law are admissible in federal proceedings, at least in regard to federal claims, if the recordings comport with the federal requirement that one party consent." *Fenje*, 301 F. Supp. 2d at 816–17; *see, e.g.*, *Marcial v. Rush Univ. Med. Ctr.*, 2018 WL 4237474, at \*4 (N.D. Ill. Aug. 30, 2018) ("Courts in this district have held that the Illinois Eavesdropping Act does not affect the admissibility of evidence in federal civil suits where federal substantive law provides the rule of decision.") (citing *Glinski*, 2002 WL 113884, at \*4).

These decisions make clear that courts draw a distinction between the use of recordings allegedly made in violation of the IES based on substantive differences in federal and state law governing the admissibility of such recordings. While courts have found a "[v]iolation of [the] Illinois' Eavesdropping Act precludes use of such evidence in support of Illinois state law claims," including *Glinski*, courts recognize the "use of [such a] recording to advance [] federal law claims is another matter." *Century Consultants, Ltd. v. Miller Grp., Inc.*, 2005 WL 3108455, at \*1–2 (C.D. Ill. Nov. 18, 2005) (citing *U.S. v. D'Antoni,* 874 F.2d 1214, 1218-19 (7th Cir. 1989) for the proposition that "recorded conversations that violate state law are admissible in

9

federal proceedings, at least in regard to federal claims, if the recordings comport with the federal requirement that one party consent"); *see, e.g., Zeikos*, 2024 WL 4691069, at *2-3; *Gomez v. Car-Min Const. Co.*, 2010 WL 1992583, at *2 (N.D. Ill. May 14, 2010) (". . . recordings made in this manner are admissible in federal proceedings, at least as to federal claims which is all this case involves."). Therefore, courts recognize "[t]he Illinois statute does not control admissibility in federal court, at least as to claims made under federal law." *Manning v. Buchan*, 357 F. Supp. 2d 1036, 1057–58 (N.D. Ill. 2004) (rejecting plaintiff's motion to bar evidence "on the ground that it was obtained in violation of" IES because "federal law requires the consent of only one party") (citing 18 U.S.C. § 2511(2)(c) and *NLRB,* 606 F.2d at 192)).

Here, Plaintiff only asserts claims under federal law, Title VII, and there are no state law claims pending. *See* Complaint [ECF No. 1-1]; *see also* Defendants" Joint Notice of Removal [ECF No. 1] at ¶ 7("The complaint includes only federal claims. The Complaint alleges Defendants violated Title VII of the Civil Rights Act, a federal statute."). In the Court's view, *Mingo*, the one case Defendant relies on for the proposition that recordings made in violation of the IES are inadmissible even for claims arising under federal law, is contrary to the majority view that the IES does not apply to federal claims. For these reasons, the Court concludes Defendant has not demonstrated the IES provides a basis for Defendant's counsel's instruction to Cummings not to answer questions about the recording during his deposition.

Defendant also requests a protective order under Rule 26(c) in its Response, arguing there is good cause for such an order here "because any use or dissemination of the recording could result in criminal charges against the parties." [*Id.*] at 12 (citing *Breuder v. Bd. of Trustees of Cmty. Coll. Dist. No. 502*, 2021 WL 1209296, at *7–10 (N.D. Ill. Mar. 31, 2021)). In *Breuder*, the plaintiff alleged Section 1983, breach of contract, retaliation, and other claims related to his employment at a community college. *Id.* at *1. The court granted a motion for protective order to bar production of recordings of conversations made by various defendants, board members at the community college, regarding matters related to the plaintiff's performance as college president. *Id.* at *10. The court found the defendant who made the recordings properly asserted a Fifth Amendment privilege against self-incrimination that warranted entry of a protective order barring the production. *Id.* at *5-10. Specifically, the court found the defendant faced a risk of prosecution for violation of the IES because "the mere act of producing the Recordings to Breuder would be a 'disclosure' in violation of the 'uses or discloses' provision of the Act." *Id.* at *8. By contrast, here, Cummings has not invoked a Fifth Amendment privilege or otherwise explained how he would be subject to potential prosecution under the IES for being questioned during a deposition by Plaintiff's counsel regarding a recording made by Plaintiff that Plaintiff has produced in discovery. To state the proposition reveals its absurdity here. Defendant has not established good cause for a protective order.[4]

---

[4] While Defendant asserts there could be "criminal charges against the parties," Cummings has not raised a Fifth Amendment privilege as a basis for his request for a protective order. As the *Breuder* court explained in distinguishing *Washburn*, 1986 WL 6946, at *3–4, a case where the court compelled production of recordings allegedly made in violation of the IES, it

For all these reasons, the Court grants Plaintiff's Motion and orders Cummings to continue his deposition to answer questions related to the recording.[5]

## 2. The Court Declines to Award Sanctions Against Defendant

Plaintiff also seeks sanctions against "Defendant and his counsel for the costs and fees associated with the deposition and this motion" pursuant to Rule 30(d)(2). Motion [ECF No. 82] at 1, 10. In response, Defendant cites *DR Distributors, LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 959 (N.D. Ill. 2021), arguing sanctions are not appropriate "if the conduct was harmless or substantially justified or doing so would be unjust." Response [ECF No. 89] at 11.

As noted, Plaintiff seeks sanctions pursuant to Rule 30(d)(2), which is a rule specific to depositions and provides "[t]he court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." FED. R. CIV. P. 30(d)(2). By its terms, Rule 30(d)(2) is discretionary and

---

was significant that the third party that made the recordings "pointedly did not assert his Fifth Amendment privilege and objected to the case being characterized as concerning a Fifth Amendment issue." *Id.* at *10. The circumstances here are thus closer to those present in *Washburn*, where the court held "a litigant should not be able to use a state criminal statute to thwart federal civil discovery." *Washburn*, 1986 WL 6946, at *3–4; *see also Epstein v. Am. Rsrv. Co.*, 1987 WL 5897, at *1 (N.D. Ill. Jan. 26, 1987) (denying objections to magistrate judge order compelling production of recording and transcript, noting if the third party "chooses not to assert any constitutional claim [under the Fifth Amendment], he must comply with the decision of Magistrate Rosemond, ordering him to produce both the eavesdropping document and the two-page pleading").

[5] As the Court finds the IES is not applicable to the discovery issue posed in the Motion, it need not resolve the parties' other disagreements, including the disputed factual question of whether the recording was made in violation of the Illinois statute, whether Defendant waived or forfeited its objections to the recording, and whether Plaintiff and/or Cummings allegedly violated the Illinois Rules of Professional Conduct.

does not describe the scope of potential sanctions that may be awarded. *Id.*; *see also Johnson v. Statewide Investigative Servs., Inc.*, 2021 WL 825653, at \*2 (N.D. Ill. Mar. 4, 2021).

Defendant responds by invoking the exceptions to an award of sanctions for a successful motion to compel that are stated in Rule 37(a)(5). Although Plaintiff does not cite Rule 37, it appears the Motion can be characterized as having been brought pursuant to Rule 37(a)(3)(B)(i), which provides "[a] party seeking discovery may move for an order compelling an answer . . . This motion may be made if: (i) a deponent fails to answer a question asked under Rule 30 or 31." FED. R. CIV. P. 30(a)(3)(B)(i). Under Rule 37(a)(5), where such a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5). Rule 37(a)(5) contains certain exceptions, including that a "court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.* Under Rule 37(a)(5), the available sanctions are limited to reasonable expenses, including attorneys' fees, in bringing the motion at issue.

As Plaintiff prevailed on her Motion, sanctions in the form of the reasonable expenses incurred in bringing the Motion are required under Rule 37(a)(5) unless the

Court finds one of the Rule's exceptions apply. The Court also considers whether, in its discretion, to award sanctions under Rule 30(d)(2) for the costs and fees associated with the deposition.

Defendant argues sanctions should not be awarded because "Defendant counsel was substantially justified in instructing Cummings not to testify regarding the illegally obtained recording" and "[s]ince the recording is inadmissible, refusing to testify regarding it was also harmless." Response [ECF No. 89] at 11. The Court disagrees that Defendant's counsel's instruction to Cummings was harmless, as the admissibility of the recording has not yet been decided and, based on the law discussed above, it appears the recording could be found to be admissible. Although the Court ultimately concludes that Defendant's instruction to Cummings not to answer questions regarding the recording was not legally permissible, the Court finds that Defendant was substantially justified in giving that instruction on this disputed legal question at the deposition. As discussed above, Defendant relies on Illinois law as to the inadmissibility of the recording and the Court has decided that law does not apply in this federal case. While the Court concludes that Defendant's view of the law is inconsistent with the weight of authority in this district, there is some authority in this district that supports Defendant's position. In addition, Plaintiff does not make any arguments in support of her conclusory request for sanctions and does not respond to Defendant's arguments regarding sanctions in her Reply. Accordingly, in its discretion, the Court declines to award sanctions under Rule 37(a)(5) or Rule 30(d)(2).

14

In her reply, Plaintiff also requests sanctions pursuant to 28 U.S.C. § 1927, arguing Defendant cited outdated law regarding the scope of the IES and it "should be sanctioned for filing this bad faith brief."[6] Plaintiff's Reply in Support of Her Rule 30 Motion to Overrule Objections, Compel the Deposition of Nicholas Cummings, and for Sanctions under FRCP 30(d)(2) [ECF No. 91] ("Reply"), at 4-5. Section 1927 provides "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

As the Seventh Circuit has explained, "[s]ection 1927 is permissive, not mandatory. The court is not obliged to grant sanctions once it has found unreasonable and vexatious conduct. It may do so in its discretion." *Corley v. Rosewood Care Ctr., Inc. of Peoria*, 388 F.3d 990, 1014 (7th Cir. 2004). "Under § 1927, 'a court may in its discretion impose sanctions only upon a finding of bad faith—meaning extreme negligence, 'serious and studied disregard for the orderly process of justice,' pursuit of claims without plausible factual or legal bases, or conduct that a reasonably careful attorney would know to be unsound.'" *Ocean Tomo LLC v. GoLabs, Inc.*, 2023 WL 8787790, at *3 (N.D. Ill. Dec. 19, 2023) (quoting *Olson v. Reynolds*, 484 F. App'x 61, 64 (7th Cir. 2012)). "Simple negligence, however, is not sufficient to warrant

---

[6] The Court understands Plaintiff's request to be for a sanction against Defendant's counsel.

sanctions." *Id.* (quoting *Boyer v. BNSF Ry. Co.*, 824 F.3d 694, 708 (7th Cir. 2016), *opinion modified on reh'g*, 832 F.3d 699 (7th Cir. 2016).

Defendant's counsel's citation to outdated case law may have been careless, but it does not "rise to the level of extreme negligence that merits sanctions under 28 U.S.C. § 1927, such as 'willfully abusing the judicial process and/or pursuing a bad-faith litigation strategy by initiating ... litigation in a patently inappropriate forum.'" *Ocean Tomo*, 2023 WL 8787790, at *3 (quoting *Boyer*, 832 F.3d at 702). Moreover, notwithstanding the possible citation of outdated cases, Defendant's brief nevertheless also addressed what Plaintiff contends is the correct standard for assessing whether a recording was made in violation of the IES. Compare Reply [ECF No. 91] at 4-5 (arguing "only conversations where the recorded party has a reasonable expectation of privacy are protected under the statute") with Response [ECF No. 89] at 2-7 (arguing Cummings had a reasonable expectation of privacy at the time of the recording). For all these reasons, the Court denies Plaintiff's request for sanctions pursuant to 28 U.S.C. § 1927.

## CONCLUSION

For all these reasons, Plaintiff's Rule 30 Motion to Overrule Objections, Compel the Deposition of Nicholas Cummings, and for Sanctions under FRCP 30(d)(2) [ECF No. 82] is granted in part and denied in part. Mr. Cummings shall sit for a continued deposition within thirty (30) days of the date of this Order absent a court order extending that deadline. The parties shall file a joint status report by

1/10/25 with a confirmed date and time for that continued deposition. Plaintiff's request for sanctions is denied.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: December 23, 2024